IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| | ) |
| v. | )   Criminal Action No. 18-cr-00119-LKG |
| | ) |
| RUSSELL LEE BATTLE, | )   Dated: May 30, 2024 |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Defendant, Russell Lee Battle, has moved for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).  ECF No. 59.  This motion is fully briefed.  ECF Nos. 59, 61.  No hearing is necessary to resolve this motion.  *See* L.R. 105.6 (D. Md. 2023).  Because Mr. Battle has failed to exhaust his administrative remedies, the Court **DENIES** Mr. Battle's motion for compassionate release.

### II.   BACKGROUND AND PROCEDURAL HISTORY

Mr. Battle is a 57-year-old federal prisoner, currently incarcerated at Federal Correctional Institution ("FCI") Petersburg, located in Petersburg, Virginia.  ECF No. 51.  Mr. Battle is serving a 180-month sentence for possession of cocaine base and marijuana with intent to distribute.  *Id.*

As background, on March 11, 2019, Mr. Battle was arraigned on the superseding information, and he entered a guilty plea as to one count of the superseding information for possession of cocaine base and marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).[1]  ECF No. 51.  And so, the Court sentenced Mr. Battle to a 180-month term of incarceration.  *Id.*

---

[1] The Government charged Mr. Battle with: (1) possession of cocaine base and marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (2) being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3).  ECF No. 35.  After Mr. Battle

Mr. Battle was designated to FCI Petersburg and he has been allowed to participate in a substance abuse program, job training and educational programs while incarcerated.  *Id.*  Upon his release from prison, Mr. Battle will be subject to a supervised release term of three years. *Id.*

On August 15, 2022, Mr. Battle filed the pending motion for compassionate release, pursuant to 18 U.S.C. § 3582.  ECF No. 59.  On September 12, 2022, the Government filed a response in opposition to Mr. Battle's motion for compassionate release.  ECF No. 61.  On September 13, 2022, the Office of the Federal Public Defender for the District of Maryland notified the Court that they would not provide assistance of counsel to Mr. Battle regarding his motion for compassionate release.  ECF No. 62.

Having been fully briefed, the Court resolves Mr. Battle's pending motion for compassionate release.

## III.    LEGAL STANDARDS

### A.    Compassionate Release

The United States Court of Appeals for the Fourth Circuit has held that a court "may not modify a term of imprisonment once it has been imposed[.]"  18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019).  But "the rule of finality is subject to a few narrow exceptions."  *Freeman v. United States*, 564 U.S. 522, 526 (2011).  One such exception to this rule is when the modification is "expressly permitted by statute."  18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

Title 18, United States Code, Section 3582(c)(1)(A)(i), commonly known as the "compassionate release" provision, provides a statutory vehicle to modify a defendant's sentence.  *United States v. Wiggins*, 2020 WL 4436373, at *2 (D. Md. Aug 3, 2020).  Section 3582 was adopted as part of the Sentencing Reform Act of 1984.  *Id.*  The statute originally permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP").  *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984).  And so, a defendant seeking compassionate release had to rely on the BOP Director for relief.  *See Jarvis v. Stansberry*, 2008

_____

pled guilty as to count one of the superseding information, the Government moved to dismiss the remaining charges.  ECF No. 51.

WL 5337908, at *1 (E.D. Va. Dec. 18, 2008) (denying motion for compassionate release because Section 3582 "vests absolute discretion" in the BOP).

In December 2018, Congress significantly modified the compassionate release mechanism when it enacted the First Step Act of 2018 ("FSA"). *See* Pub. L. 115-391, 132 Stat. 5239 (2018). This Court has held that as amended by the FCA, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a sentence of imprisonment "upon motion of the Director of [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first. *Wiggins*, 2020 WL 4436373, at *2. And so, once a defendant has exhausted his or her administrative remedies, the defendant may petition this Court directly for compassionate release. *Id.*

Pursuant to Section 3582(c)(1)(A), the Court may modify a defendant's sentence if, "after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable," it finds that:

> (i) extraordinary and compelling reasons warrant such a reduction;

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Wiggins*, 2020 WL 4436373, at *3. And so, to be entitled to relief under Section 3582(c)(1)(A)(i), the defendant must demonstrate that: (1) "extraordinary and compelling reasons" warrant a reduction of his sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13. *Id.* The United States Sentencing Commission ("the Commission") is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). The Commission has determined that "extraordinary and

3

compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the Defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover."  U.S.S.G. § 1B1.13 cmt. n.1(A).

## IV.    ANALYSIS

Mr. Battle seeks compassionate release, because he suffers from numerous ailments, including high blood pressure, glaucoma, arthritis, kidney disease, depression and anxiety.  ECF No. 59.  Mr. Battle also requests that the Court reduce his sentence, pursuant to the First Step Act, upon the grounds that he would not be considered a career offender under current Fourth Circuit case law, if sentenced today.  *Id.* at 7.  And so, Mr. Battle requests that the Court reduce his sentence, in consideration of current case law.  *Id.* at 10.

Because Mr. Battle has not shown that he has exhausted the administrative remedies before directly petitioning the Court for compassionate release and a sentence reduction, the Court must DENY his motion for compassionate release.

As an incarcerated petitioner, Mr. Battle is required to first seek compassionate release and a reduction of his sentence from the BOP, *via* a request to the Warden of FCI Petersburg.  In this regard, the First Step Act allows the Court to reduce an inmate's term of imprisonment, if the inmate has fully exhausted all administrative remedies. 18 U.S.C. § 3582( c)(1)(A).  And so, Mr. Battle may petition the Court directly for compassionate release and a sentence reduction only after he has submitted a request for such relief to the Warden of FCI Petersburg and either: (1) fully exhausted his administrative rights to appeal the BOP's failure to bring a motion for compassionate release on his behalf, or (2) after a period of 30 days has lapsed since filing his request with the Warden without action from the BOP.  *Wiggins*, 2020 WL 4436373, at *2.

A careful reading of Mr. Battle's motion for compassionate release, and the attachments thereto, make clear that Mr. Battle has not shown that he presented a request for compassionate release and a sentence reduction to the Warden of FCI Petersburg before directly petitioning the Court for this relief on August 15, 2022.  ECF No. 59.  Mr. Battle states in his motion that he filed a motion for a sentence reduction with the Warden of FCI Petersburg on April 8, 2022.  *Id.* at 1.  Mr. Battle attaches a copy of this request to his motion for compassionate release.  *Id.*  But, the attachment does not show that the request was actually sent to the Warden at FCI Petersburg, VA on April 8, 2022.  The Government also represents to the Court that the BOP has no record of

receiving Mr. Battle's motion.  ECF No. 61 at 12.  Mr. Battle provides no other information or evidence to show that he exhausted his administrative remedies, by submitting a request for compassionate release and a sentence reduction to the Warden of FCI Petersburg.  ECF No. 59.

    Given this, the Government persuasively argues that the Court cannot grant the requested relief.  ECF No. 61 at 8.  And so, the Court **DENIES** Mr. Battle's motion for compassionate release.

## V.      CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Battle's motion for compassionate release.

**IT IS SO ORDERED.**


s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

5